## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EUGENE SIMMS,               )
**Parent and Next Friend of C.S., a**  )
**Minor,**                     )
                          )
        **Plaintiff,**       )    **Civil Case No. 03-2163 (RJL)**
                          )
      **v.**               )
                          )
                          )
**DISTRICT OF COLUMBIA,**    )
                          )
        **Defendant.**     )

**FILED**

AUG 2 2 2005

**NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT**

## MEMORANDUM OPINION
(August **18**, 2005) [# 9, # 10]

Before the Court are the parties' cross-motions for summary judgment. The

plaintiff, Eugene Simms, challenges a hearing officer's decision that District of Columbia

Public Schools ("DCPS"): (1) properly placed his daughter, "C.S.", at Ludlow-Taylor

Elementary School, and (2) developed a Compensatory Education Plan consistent with a

February 2003 Hearing Officer's Decision ("HOD"). After due consideration of the

pleadings and the record herein, the Court GRANTS summary judgment in favor of the

the defendant.

## ANALYSIS

Summary judgment is appropriate when the pleadings and the record demonstrate

that "there is no genuine issue as to any material fact and that the moving party is entitled

to judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment may support its motion by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56(c)). In opposing summary judgment, the "nonmoving party [must] go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting FED. R. CIV. P. 56(c), (e)). In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The IDEA guarantees children with disabilities the right to a free appropriate public education ("FAPE"). 20 U.S.C. § 1400(d)(1)(A). In designing an appropriate education for students with disabilities, the child's parents, teachers, school officials, and other professionals collaborate to develop an individualized education program ("IEP") to meet the child's unique needs. 20 U.S.C. § 1414(d)(1)(B). While the District of Columbia is required to provide C.S. with a public education, it does not "guarantee any particular level of education." *Bd. of Educ. of Hendrick Hudson Central Sch. Dist. v. Rowley*, 458 U.S. 176, 192 (1982). If the parent objects "to the identification, evaluation,

2

or educational placement of the child, or the provision of a free appropriate public education to such child," he may seek an impartial due process hearing. 20 U.S.C. §§ 1415(b)(6), 1415(f)(1). If the parent is dissatisfied with the outcome of that hearing, he may appeal the decision to a state court or a district court of the United States. 20 U.S.C. § 1415(i)(2)(A).

In evaluating a hearing officer's decision, this Court must review the record of the administrative proceedings and give due weight to the hearing officer's decision. *Rowley*, 458 U.S. at 206. The party challenging the administrative decision "bears the burden of persuading the Court that the hearing officer was wrong." *Kerkham v. McKenzie*, 862 F.2d 884, 887 (D.C. Cir. 1988). Thus, the Court must determine: (1) whether DCPS has complied with the procedural requirements of the IDEA when scheduling the compensatory education services and placing C.S. at Ludlow-Taylor; and (2) whether these decisions were reasonably designed to enable C.S. to receive educational benefits. *Rowley*, 458 U.S. at 206-07. As to both issues, the Court, for the following reasons, finds for the defendant.

## I.      Placement at Ludlow-Taylor

Mr. Simms argues that DCPS's proposal to place C.S. at Ludlow-Taylor was inappropriate because DCPS failed to comply with the procedural requirements of IDEA when it refused to consider the schools he suggested. The Court finds that DCPS complied with the procedural requirements of the IDEA. First, although a parent must be

3

involved in determining his child's placement, the fact that a parent can "draft a better

program than a state office does not alone, entitle them to prevail under the Act."

*Kerkham*, 862 F.2d at 886. Second, despite Mr. Simms contention to the contrary, the

Court is not convinced that DCPS refused to discuss Mr. Simms's suggested schools.

Instead, the Court finds that DCPS suggested that Mr. Simms familiarize himself with the

Ludlow-Taylor program before he objected to the placement. Mr. Simms did not consent

to the placement. R. at 37-38. Instead, in accordance with the Act, Mr. Simms sought an

impartial due process hearing to challenge DCPS's proposed placement. *Id.* at 110-13.

That hearing was held on September 10, 2003. Accordingly, the procedural requirements

of the IDEA were satisfied.

The Court also finds that the proposed placement at Ludlow-Taylor was

reasonably designed to enable C.S. to receive educational benefits. During the hearing,

Phaedra Smith, a DCPS Special Education Specialist, testified that Ludlow-Taylor was an

appropriate placement. *Id.* at 8. Mr. Simms was also given the opportunity to provide

evidence to contradict this testimony and to identify an alternatively appropriate school.

*Id.* at 9. He did not do so. *Id.* Moreover, there is nothing in the record before this Court

to establish that the placement at Ludlow-Taylor would not enable C.S. to receive the

educational benefits intended under the IDEA. Accordingly, this Court finds that the

placement at Ludlow-Taylor was appropriate.

4

## II.    Compensatory Education Services

Finally, on February 12, 2003, a hearing officer determined that DCPS failed to provide C.S. with a FAPE and required DCPS to convene a MDT/IEP meeting.  R. at 23. In addition, the hearing officer determined that a compensatory education award was to be provided to C.S. from November 8, 2000 through an appropriate placement.  *Id.*  "This award of compensatory education is separate and apart from special education services appearing on an IEP and *is to be determined in amount, form and delivery at the coming MDT/IEP meeting.*"  *Id.* (emphasis added).  The hearing officer also provided that the award was to be reviewed at the annual IEP review and if the MDT/IEP team decided "that the student [was] not benefiting from the compensatory services or [was] no longer in need of the compensatory serivces, this award is to abate."  *Id.*

In this action, Mr. Simms challenges DCPS's decision to schedule only a part of the hours C.S. was entitled to receive.  DCPS provided Mr. Simms with a Compensatory Education Plan that scheduled hours for the summers of 2003 and 2004.  *Id.* at 86.  Mr. Simms refused to agree to the plan because it did not schedule all of the hours C.S. was entitled to receive.  *Id.*  DCPS informed Mr. Simms that once the Compensatory Education Plan commenced "the MDT can come back to the table and determine if additional time is needed."  *Id.*  The record demonstrates that the award of compensatory hours was a maximum number of hours to be awarded, if they were needed.  Moreover, "because the child [was] not attending a program it [was] unknown whether providing additional specialized instruction would make a profound impact."  *Id.* at 5.  The Court

finds that this suggested procedure was not only consistent with the procedures of the IDEA, but was also reasonably designed to provide C.S. with beneficial educational services.

## **CONCLUSION**

For the foregoing reasons, the Court grants defendant's motion for summary judgment and denies plaintiff's motion for summary judgment. An order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge